UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **TERRI L. CHAPMAN**<br>   **Plaintiff**<br><br>v.<br><br>**NCO FINANCIAL SYSTEMS, INC.**<br>   **Defendant** | CIVIL ACTION<br><br>JURY TRIAL<br>CLAIMED<br><br>SEPTEMBER 3, 2010 |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer who has been harassed and abused by Defendant collection agency. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and includes pendent State law claims for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.* and for intentional infliction of emotional distress.

### II. PARTIES

2. Plaintiff, Terri L. Chapman, is a natural person residing in Simsbury, Connecticut.

3. The defendant, NCO Financial Systems, Inc., ("NCO"), is a Pennsylvania corporation and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency.

## III. JURISDICTION

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337 and 1367, and Fed. R. Civ. P. 18(a).

5. This Court has jurisdiction over NCO because it engages in debt collection activities within Connecticut.

6. Venue in this Court is proper, as Plaintiff is a resident of Connecticut and the acts complained of occurred in this state.

## IV. FACTUAL ALLEGATIONS

7. Plaintiff owed a debt to American Express ("the Debt").

8. Plaintiff subsequently hired an attorney for the purposes of filing for bankruptcy, and the Debt was to be included in the proposed bankruptcy filing.

9. On or around June 24, 2010, Plaintiff sent a letter by email and by regular mail to American Express regarding the Debt and the proposed bankruptcy; that letter included the name, address, and phone number of her bankruptcy attorney and specifically requested that all future communications be directed to her attorney and not to her.

10. NCO started attempting to collect the Debt from Plaintiff a few weeks after she sent the aforementioned letter.

11. On or around July 15, 2010, NCO called and spoke with Plaintiff in an attempt to collect the Debt, and during that call, she informed NCO that she was filing for bankruptcy, and she provided NCO with her attorney's contact information and requested that they cease communications with her and contact her attorney instead.

12. On or around July 17, 2010. NCO called and spoke with Plaintiff regarding the Debt, and during that conversation, she informed NCO that she was filing for bankruptcy, and she provided NCO with her attorney's contact information and requested that the cease communications with her and contact her attorney instead.

13. On or around July 18, 2010, Plaintiff received a call from her father; during that call, Plaintiff's father told Plaintiff that her mother had received a call from and had spoken with a NCO representative earlier that day.

14. On or around July 21, 2010. NCO called the switchboard of Plaintiff's workplace; that call was put through the Plaintiff, and Plaintiff told that NCO representative that she was filing for bankruptcy and not to contact her at work and instead direct any and all communications to her attorney, and she told the representative that NCO had already been provided with her bankruptcy attorney's name, address, and phone number, and that she was not allowed to take such calls at her workplace and that she could get in trouble if such calls continued.

15. On or around July 22, 2010. NCO called the switchboard of Plaintiff's workplace; that call was put through to the Plaintiff, but having recognized their number, Plaintiff refused to take the call, and she feared that she might get in trouble on account of that call.

16. NCO called Plaintiff's workplace again on or around July 26, 2010.

17. On or around August 5, 2010, NCO called Plaintiff's parents residence and spoke with Plaintiff's mother in an attempt to collect the Debt; during that call, a NCO representative told Plaintiff's mother that NCO was calling regarding a debt associated with American Express, and in response, Plaintiff's mother told that representative that

3

she did not have any debt with American Express, but that representative nevertheless proceeded to discuss the Debt with Plaintiff's mother.

18. Later that same day, NCO called Plaintiff's workplace and spoke with Plaintiff, and during that call, Plaintiff told that representative that she had already provided NCO with her attorney's contact information and specifically demanded that NCO not contact her at her workplace and that they stop harassing her elderly parents.

19. NCO called Plaintiff's workplace on or around August 9, 2010.

20. NCO's collection attempts caused Plaintiff serious stress, anxiety, and humiliation. NCO's unauthorized calls to Plaintiff's workplace were very distressing to Plaintiff, for her workplace prohibited such calls, and she was a single mother with three children and her job was the sole means of income for support for herself and for her children, and she feared she might lose her job as a result of NCO's continued calls to her workplace; furthermore, Plaintiff's parents were already concerned and worried about Plaintiff's recent divorce, and Plaintiff did not want her parents to know that she was experiencing financial problems related to that divorce, and the fact that NCO had contacted her mother and discussed the Debt with her caused Plaintiff severe stress and anxiety, which stress caused her to become fatigued.

21. Plaintiff also suffered serious migraine headaches as a result of the aforementioned emotional distress NCO's collection activities caused her, and she was forced to pay out of pocket for a prescription drug that had been prescribed to her and which she was required to take to relieve the migraine headaches.

## V. COUNT ONE

### Fair Debt Collection Practices Act

22. Plaintiff incorporates Paragraphs 1-21.

23. NCO violated 15 U.S.C. § 1692c by continuing to call Plaintiff and third parties even though it knew or should have known contact information for Plaintiff's attorney, and by making unauthorized calls to Plaintiff's workplace and Plaintiff's parents.

24. NCO violated 15 U.S.C. § 1692d(5) by calling Plaintiff and engaging her in telephone conversation repeatedly with the intent to annoy and harass Plaintiff;

25. NCO violated 15 U.S.C. § 1692g by failing to send Plaintiff within five days of its initial communication with Plaintiff the written notice required by the FDCPA.

26. NCO violated 15 U.S.C. § 1692f by its unfair practices described above; and

27. NCO violated 15 U.S.C. § 1692d by harassing and abusing Plaintiff as described above.

28. For NCO's violations of the FDCPA as described above, Plaintiff is entitled to recover her actual damages (including emotional distress related damages), statutory damages of $1,000.00, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

## VI. COUNT TWO

### Intentional Infliction of Emotional Distress

29. Plaintiff incorporates Paragraphs 1-21.

30. NCO knew, or reasonably should have known, that its conduct would likely cause emotional distress to Plaintiff.

31. NCO's conduct did cause Plaintiff to suffer emotional distress, embarrassment, shame, stress, and anxiety.

## VII. COUNT THREE

### Connecticut Unfair Trade Practices Act

32. Plaintiff incorporates Paragraphs 1-21.

33. NCO violated CUTPA by its debt collection activities described above.

34. NCO's acts as described above were unfair, immoral, unethical, oppressive and unscrupulous as such to cause substantial injury to consumers, especially Plaintiff.

35. The plaintiff has sustained an ascertainable loss as a result of NCO's acts, including but not limited the cost of an over-the-counter medication Plaintiff took to relieve the symptoms of the migraine headaches which Plaintiff experienced as a result of NCO's illegal collection activity.

36. NCO is liable to Plaintiff for her actual damages, attorney's fees and costs, and punitive damages pursuant to Conn. Gen. Stat. § 42-110g.

WHEREFORE, the Plaintiff prays for the following relief:

Actual damages (including emotional distress related damages), statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k; monetary damages pursuant to Conn. Gen. Stat. §42-110g; punitive damages pursuant to Conn. Gen. Stat. § 42-110g; attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g, and such other relief as this Court deems appropriate.

**PLAINTIFF, TERRI L. CHAPMAN**

By: _____
Daniel S. Blinn, ct02188
Matthew W. Graeber, ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT 06067
Tel. (860) 571-0408; Fax. (860) 571-7457

7